Bank of Tennessee *v.* Alex. Officer, *et als.*

BANK OF TENNESSEE *v.* ALEX. OFFICER, *et als.*

1. BILLS AND NOTES. *When due. Month.* In the case of bills of exchange, promissory notes, and other commercial contracts, a month is always a calendar month. A note payable six months after the 30th of May is due just six calendar months and three days thereafter, the days of grace being included, bringing it to maturity, consequently, on the 3d of December succeeding. Until that day the endorsers of such paper have not broken their contract by non-payment.

Cases cited: Edward's Bills, 513; Story on Prom. Notes, ₴213a; Story on Bills, 330.

2. SAME. *Same. Demand and Notice.* The demand must be made on the third day of grace, on the second if the third be a holiday.

Cases cited: 2 Kent, 102–3; 11 Wheat., 431; Story on Notes, ₴217, 231; 12 Wheat., 213.

3. PLEADING AND PRACTICE. *Affidavit for new trial.* The defendant, a bankrupt, who, by a misunderstanding as to the time his case would be called, failed to appear when it was reached, and after the verdict presented an affidavit, stating that the cause was reached several days before he expected it would be, and showing, further, that he had been actually discharged, and that the certificate thereof was in the hands of one of his attorneys, then absent, from whom he was expecting its transportation by mail that day. Upon this affidavit he asked a new trial, which the Court refused. The Court say: "If the defendant had presented these facts upon his application for a continuance, it would have been the duty of the Court to have stayed the proceedings so as to have given him an opportunity to produce the proof of his discharge, and we do not think he has been guilty of such laches as to have forfeited this right, under the peculiar circumstances surrounding him.

Cases cited: 14 Stat. at Large, 526–7, ₴21; Bump on Bank., 157–8, 438; Edward Waterson, *et al., v.* Henry Waterson, 1 Head, 1.

---

FROM WHITE.

---

Appeal from the Circuit Court. S. M. FITE, Judge.

S. M. COLMS for the Bank.

W. J. FARRISS for Officer.

SNEED, J., delivered the opinion of the Court.

The action is upon a promissory note for five hundred dollars, executed by Alex. Officer, payable six months after date, to the order of W. P. Officer, and by him endorsed to Augustus A. Bradley, who endorsed it to the plaintiff. The note bears date the 30th May, 1861. The verdict and judgment below were in favor of the bank against the maker of the note, and the two endorsers were discharged. The maker of the note has appealed in error from the judgment against him, and the bank has appealed from that part of the judgment which exonerates the endorsers. The endorsers were discharged upon the ground that there was no legal demand, protest and notice that would fix their liability. The note, bearing date the 30th of May, and being payable six months after date, was held by the Court to be due the 30th November, thereafter, or, including the days of grace, on the 3d day of December. The demand and protest were on the 2d December. The second day of December was Tuesday. The Court held the demand and protest insufficient.

In this there is no error. In the case of bills of exchange, promissory notes, and other commercial contracts, a month is always a calendar month, so, if a bill or note is dated on the 10th of January, and made payable one month after date, it is due, the

three days of grace being included, the 13th of February.    Edward's Bills, 513; Story on Promissory Notes, §213; Story on Bills, §330; Story on Prom. Notes, §213*a*.    The demand must be made on the third day of grace, or the second if the third be a holiday.    2 Kent, 102–3; 11 Wheat., 431; Story on Prom. Notes, §217, 321; 12 Wheat., 213.    A note then, payable six months after the 30th May, would be due just six calendar months and three days thereafter, which would bring it to absolute maturity, in cases where grace is allowed, on the 3d of December thereafter.    Until that day the endorsers of such papers have not broken their contract in the sense of the commercial law.    It results, that the ruling on this point was correct, and the judgment in behalf of the endorsers must stand.    The maker of the note, Alex. Officer, filed a plea of discharge in bankruptcy, but did not produce the certificate thereof.    Of course, the burden of proof was upon him.    But upon the trial of the cause he was not present, having been, in some manner, mislead as to the time when the case would be reached.    His counsel, on the calling of the case, applied for time, so that the discharge might be produced in support of the plea, stating that he had advised his client that the cause would not be reached until Saturday thereafter, and that in consequence of such advice, his client was not present.    Perhaps, upon such an application, unsupported by affidavit, no improper exercise of discretion by the Court could be predicated.

But after the verdict, the defendant presented an affidavit, embodying the statement that the cause was reached several days before he expected it would be, and showing, further, that he had been actually discharged, and that the certificate thereof was in the hands of one of his attorneys, then absent, from whom he was expecting its transportation by mail that day.

Upon this affidavit he asked a new trial, which the Court refused. Under the bankrupt law it is provided that no creditor whose debt is provable under the Act is allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt until the question of the debtor's discharge has been determined. 14 Stat. at Large, 526–7, §21; Bump on Bank., 157. And this provision for a stay is addressed quite as much to the State Courts as to the Court of Bankruptcy, and is applied and enforced by the former quite as much as by the latter. Bump on Bank., 158, 438.

But this case must rest, not upon these provisions, but its own merits. Now, if the defendant had presented these facts upon his application for a continuance, it would have been the duty of the Court to have stayed the proceedings so as to have given him an opportunity to produce the proof of his discharge, and we do not think he has been guilty of such laches as to have forfeited this right, under the peculiar circumstances surrounding him.

This Court has said, that if great hardship and

injustice is the result of an improper exercise of dis-cretion, this Court will reverse.    1 Head, R. 1.

We think just such a case is presented here, and therefore reverse the judgment as to Alex. Officer, and remand the cause for a new trial.